IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JASPER HALL**     **PETITIONER**

v.     **No. 4:05CV81-D-B**

**WARDEN CLAUDE FOREMAN, ET AL.**     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jasper Hall for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved to dismiss the petition as untimely filed November 8, 2005, and the petitioner responded to that motion November 18, 2005. The matter is ripe for resolution. For the reasons set forth below, the instant petition shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

Jasper Hall was convicted of two counts of capital rape in the Circuit Court of Sunflower County, Mississippi. He was sentenced to serve two concurrent terms of life imprisonment in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed the convictions and sentences September 17, 1996, and denied rehearing December 3, 1996. Thereafter, following a grant of certiorari and *en banc* review, the Mississippi Supreme Court affirmed the petitioner's conviction and sentence on March 13, 1997. *Hall v. State*, 691 So. 2d 415 (Miss. 2001) (Cause No. 94-CT-01044-SCT). The petitioner did not seek a writ of certiorari to the United States Supreme Court. The petitioner filed a February 28, 2005,"Application for Leave to Proceed in the Trial Court" in the Mississippi Supreme Court.

## Discussion

This proceeding is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the exceptions set forth in sections (B) through (D) apply, a federal *habeas corpus* petitioner must file his petition within one year of the date that his judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998). None of those exceptions apply in this case, and

the petitioner failed to file his federal *habeas corpus* petition within the allotted time period.

The petitioner's judgment became final on June 11, 1997 – ninety days after the final judgment in state court (March 13, 1997, plus 90 days). *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Further, the petitioner did not submit a "properly filed" application as contemplated by 28 U.S.C. § 2244(d)(2) on or before June 11, 1998, to toll the period of limitations. *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). As such, the tolling provision of §2244(d)(2) is not applicable to the instant case, and the instant petition for habeas corpus was untimely filed.

Under the mailbox rule, the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the federal petition was thus filed sometime between the date it was signed on March 30, 2005, and the date it was received and filed in the district court on April 4, 2005. Therefore, the instant petition was filed some 2,484 to 2,489 days after the June 11, 1998, deadline for filing his federal *habeas* petition.

The petitioner does not allege a "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14 (exceptional circumstance met when petitioner actively misled or prevented in some extraordinary way from asserting his rights). The petitioner

argues that he should benefit from equitable tolling for 2,442 days when was confined in the Sunflower County Jail from September 15, 2004, (prior to the effective date of the federal one-year statute of limitations) until May 23, 2001, with no proper legal reference materials with which to prepare a federal petition for a writ of *habeas corpus*. The petitioner's conviction did not, however, become final until June 11, 1997. Thus, even if the court were to accept as true the petitioner's allegations regarding the availability of legal reference materials during his stay at the Sunflower County Jail, the equitable tolling would apply only from the date the petitioner's conviction became final until he was transferred from the jail. That period of time lasted from June 11, 1997, until May 23, 2001 – a period of 1,442 days. Even if the court were to toll the statute for 1,442 days, the instant petition would be late by at least 1,042 days (2,484 days late reduced by 1,442 days). As such, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice as untimely filed.

    A final judgment consistent with this memorandum opinion shall issue today.

    **SO ORDERED,** this the 13th day of December, 2005.


                                          /s/ Glen H. Davidson
                                          CHIEF JUDGE